IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joseph B. Harris, | ) | Case No. 6:24-cv-04306-JDA |
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| Officer FNU Payton, *in his individual capacity*; Captain FNU Lawson, *in his individual capacity*; Chief Deputy FNU Martin, | ) | |
| Defendants. | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge [Doc. 15] and a subsequent motion to appoint counsel filed by Plaintiff [Doc. 19]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On August 30, 2024, the Magistrate Judge issued a Report recommending that Plaintiff's Complaint [Doc. 1] be summarily dismissed without prejudice because the Complaint fails to state a claim for a constitutional violation under 42 U.S.C. § 1983. [Doc. 15.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 6.] Plaintiff filed objections to the Report on September 11, 2024 [Doc. 17], and filed a motion to appoint counsel the following day [Doc. 19].

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Magistrate Judge recommends dismissing the action because Plaintiff's verbal abuse claim regarding derogatory statements made by Defendant Officer FNU Payton is not cognizable under § 1983.  [Doc. 15 at 3–4 (citing *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005)).]  The Magistrate Judge further recommends that this Court decline to exercise supplemental jurisdiction to the extent Plaintiff's Complaint can be construed as asserting state law claims for slander or defamation.  [*Id*. at 4.]  In his brief objections, Plaintiff generally opposes dismissal and restates his allegations that his constitutional rights have been violated.  [Doc. 17.]

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and recommendations.  Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and

Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is summarily DISMISSED without prejudice and without issuance and service of process, and Plaintiff's motion to appoint counsel [Doc. 19] is DENIED.[*]

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

May 19, 2025
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*] Because the Court concludes that Plaintiff has not presented a colorable claim even if granted an amendment, appointment of counsel is not warranted in this case. *See Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024).

3